UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HILLCREST GOLF & COUNTRY CLUB,<br><br>Plaintiff,<br><br>v.<br><br>DEPOSITORS INSURANCE COMPANY, and NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendants. | 4:23-cv-_4091__<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Hillcrest Golf & Country Club, through its counsel, for its Complaint and Demand for Jury Trial against Defendants Depositors Insurance Company and Nationwide Mutual Insurance Company, states:

**Parties**

1. Plaintiff Hillcrest Golf & Country Club ("Hillcrest") is a South Dakota corporation with its principal place of business in Yankton, South Dakota.

2. Upon information and belief, Defendant Depositors Insurance Company ("Depositors") is an insurance company domiciled in the State of Iowa, and is authorized to do business in the State of South Dakota.

3. Upon information and belief, Defendant Nationwide Mutual Insurance Company ("Nationwide"), is an insurance company domiciled in the State of Ohio, and is authorized to do business in the State of South Dakota.

**Jurisdiction and Venue**

4. This Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

4:23-cv-
Plaintiff's Complaint and Demand for Jury Trial

5. The damages at issue exceed $75,000.

6. This Court is the proper venue under 28 U.S.C. § 1391(b)(2).

## The Insurance Policies

7. Hillcrest purchased liability insurance policies from Depositors and Nationwide (collectively "Defendants").

8. Policy No. ACP GLDO 7281457953, provides Hillcrest with Commercial General Liability Coverage ("the CGL Policy").

9. The CGL Policy provides that Defendants "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."

10. Policy No. ACP CAA 7281457953, provides Hillcrest with Umbrella Liability Insurance and Excess Follow Form Liability Insurance ("the Umbrella Policy").

11. Coverage B under the Umbrella Policy provides that Defendants "will pay on behalf of 'the insured' damages the 'insured' becomes legally obligated to pay by reason of liability imposed by law because of 'bodily injury,' 'property damage,' or 'personal and advertising injury' covered by this insurance which takes place during the Policy Period and is caused by an 'occurrence.'"

12. Coverage B under the Umbrella Policy also provides that Defendants have "the right and the duty to assume control of the investigation, settlement or defense of any claim or 'suit' against the 'insured' for damages covered by this policy. . . when damages are sought for 'bodily

injury,' 'property damage,' or 'personal and advertising injury' to which no 'underlying insurance' or 'other insurance' applies."

13. The CGL Policy and the Umbrella Policy (collectively "the Policies") define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

14. The Policies define "personal and advertising injury" as "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses[.]"  This list of offenses includes: "[f]alse arrest, detention or imprisonment;" "[m]alicious prosecution;" and "[o]ral or written publication, in any manner, of material that violates a person's right of privacy."

15. The Policies were in effect from January 1, 2022, to January 1, 2023, and the Policies remained in effect at all relevant times.

## Allegations against Hillcrest Triggering Coverage under the Policies

16. On or about June 17, 2022, Hillcrest received correspondence from the Turbak Law Office, P.C. ("the Turbak Demand Letter") that Hannah Molitor, Asiah Jackson, and Aliyah Jackson (collectively "the Claimants") intended to file suit against Hillcrest and additional defendants, including Hillcrest members Jeffrey Dayhuff and Paul Eichfeld.

17. The Turbak Demand Letter also included a draft of the Claimants' Complaint ("the State Court Complaint").  A true and correct copy of the State Court Complaint provided with the Turbak Demand Letter is attached as **Exhibit 1**.

18. The State Court Complaint included counts for negligence, negligent infliction of emotional distress, invasion of privacy, false imprisonment, and other additional causes of action arising out of events that allegedly occurred on April 21, 2022, and May 13, 2022.

4:23-cv-
Plaintiff's Complaint and Demand for Jury Trial

19. The Claimants sent an Amended Complaint to Hillcrest on August 26, 2022, adding a count of negligence for failing to control or supervise its members, including Jeffrey Dayhuff and Paul Eichfeld.  A true and correct copy of the Amended State Court Complaint is attached as **Exhibit 2**.

20. The State Court Complaint and the Amended State Court Complaint (collectively "the State Court Complaints") were premised on allegations that the Claimants previously worked for Hillcrest.

21. The State Court Complaints for Aliyah Jackson were premised on allegations that she claimed took place on May 13, 2022.

22. In 2022, including on May 13, 2022, Claimant Aliyah Jackson was a 1099 employee.

23. In 2022, including on May 13, 2022, Claimant Aliyah Jackson was a 1099 employee because she was a temporary worker.

24. On May 13, 2022, Claimant Aliyah Jackson had been hired as a seasonal or short-term employee.

25. On or about July 1, 2022, Hillcrest tendered the defense of the Claimants' State Court Complaint to Defendants.

26. On August 4, 2022, Defendants issued a declination of coverage letter to Hillcrest.

27. On or about August 29, 2022, Hillcrest tendered the defense of the Amended State Court Complaint to Defendants.

28. In the correspondence accompanying the Amended State Court Complaint, Hillcrest repeatedly requested that Defendants reconsider their denial of coverage and provide Hillcrest

4

with counsel given that the parties intended to engage in mediation in an attempt to resolve the matter before a public lawsuit was filed.

29. Despite Hillcrest's requests, Defendants, via counsel, issued a second declination of coverage letter on October 6, 2022.

30. Defendants refused to participate in a global mediation held on October 12, 2022, where all parties and their counsel attended in an effort to reach a resolution short of formal litigation.

31. In November 2022, Hillcrest received notice that the Claimants had filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the South Dakota Division of Human Rights ("the EEOC filings").

32. Hillcrest provided Defendants with the Claimants' Charges of Discrimination and demanded that Defendants provide a defense.

33. Defendants provided Hillcrest with a third declination of coverage letter on January 23, 2023.

34. On January 27, 2023, EEOC issued Notices of Right to Sue letter to the three Claimants.

35. On April 21, 2023, the Claimants each filed separate Complaints against Hillcrest in the Southern Division of the South Dakota United States District Court (collectively "the Federal Complaints").  True and correct copies of the Federal Complaints are attached as **Exhibit 3**.

36. The Federal Complaints, which mirrored the previously disclosed State Court Complaints, included counts for negligent infliction of emotional distress, invasion of privacy, false imprisonment, negligence, and other additional causes of action, arising out of events that allegedly occurred on April 21, 2022, and May 13, 2022.

4:23-cv-
Plaintiff's Complaint and Demand for Jury Trial

37. The negligence count in all three Federal Complaints alleges that Hillcrest failed to properly supervise its members, including Jeffrey Dayhuff and Paul Eichfeld.

38. The language of the negligence counts in all three Federal Complaints is nearly identical. The differing language is included in brackets.  The Federal Complaints each state:

> "Defendant Hillcrest failed to exercise due care in providing a safe environment premises and otherwise failed to control and prevent members, including [Jeffrey Dayhuff/Paul Eichfeld] from being on premises when he was known to be dangerous or otherwise sexually inappropriate with employees."

39. Jeffrey Dayhuff is not an employee of Hillcrest.

40. Jeffrey Dayhuff is not a manager at Hillcrest.

41. Jeffrey Dayhuff cannot hire or terminate employees at Hillcrest.

42. Jeffrey Dayhuff cannot set employment or employee policies at Hillcrest.

43. Paul Eichfeld is not an employee of Hillcrest.

44. Paul Eichfeld is not a manager at Hillcrest.

45. Paul Eichfeld cannot hire or terminate employees at Hillcrest.

46. Paul Eichfeld cannot set employment or employee policies at Hillcrest.

47. The false imprisonment counts in the Federal Complaints allege that Adessa Chester ("Chester") falsely imprisoned the Claimants in Chester's office.

48. Hillcrest did not cause or direct the Claimants' alleged false imprisonment in Chester's office.

49. Hillcrest had no knowledge about the Claimants' alleged false imprisonment until after it had allegedly occurred.

4:23-cv-
Plaintiff's Complaint and Demand for Jury Trial

50. Hillcrest provided the Federal Complaints to Defendants on April 25, 2023, and demanded that Defendants provide a defense.

51. On May 11, 2023, Defendants issued another declination of coverage letter.

52. At this time, Defendants have refused to defend Hillcrest on the Federal Complaints.

53. Hillcrest has been forced to retain counsel at its own expense to defend against the Claimants' allegations.

54. Hillcrest has incurred damages related to the Claimants' allegations, including cost of defense, general damages, and other out-of-pocket costs related to its defense since receiving notice of the claims on June 17, 2022.

55. Defendants have a duty to defend Hillcrest if at least arguably it appears from the face of the Claimants' pleadings that their alleged claims, if true, fall within policy coverage.

56. Defendants have a duty to defend Hillcrest even if some of the Claimants' claims are not covered under the Policies.

57. Defendants' duty to defend is based on the allegations in the Claimants' various pleadings and not extraneous facts.

58. Defendants' duty to defend arises even if extraneous facts indicate that the Claimants' various pleadings are false, groundless, or even fraudulent.

### Count 1
*Declaratory Judgment*

59. Hillcrest restates the preceding paragraphs of this Complaint as though fully set forth herein.

4:23-cv-
Plaintiff's Complaint and Demand for Jury Trial

60. Under the terms of the CGL Policy and/or the Umbrella Policy, Defendants have a duty to defend Hillcrest from the allegations raised in the Federal Complaints.

61. Under the terms of the CGL Policy and/or the Umbrella Policy, Defendants had a duty to defend Hillcrest from the allegations raised in the State Court Complaints.

62. Under the terms of the CGL Policy and/or the Umbrella Policy, Defendants had a duty to defend Hillcrest from the allegations raised in the EEOC filings.

## Count 2
### *Breach of Contract*

63. Hillcrest restates the preceding paragraphs of this Complaint as though fully set forth herein.

64. Hillcrest and Defendants entered into a contract whereby Hillcrest paid premiums to Defendants in exchange for a promise to defend and indemnity Hillcrest for a covered loss.

65. Defendants have breached the contract of insurance with Hillcrest by failing to defend Hillcrest from the allegations raised in the Federal Complaints, the State Court Complaints, and the EEOC filings.

66. Defendants have breached the contract of insurance with Hillcrest by failing to investigate the allegations raised in the Federal Complaints, the State Court Complaints, and the EEOC filings.

67. Because of the Defendants' breach of their duties under the Policies, Hillcrest has suffered damages including, but not limited to, the cost of defense, general and other damages, reputational damage, and other out-of-pocket costs related to its defense since receiving notice of the claims on June 17, 2022, in amounts to be proven at trial.

4:23-cv-
Plaintiff's Complaint and Demand for Jury Trial

68. Defendants' refusal to defend Hillcrest was vexatious and without reasonable cause and Hillcrest is entitled to its attorneys' fees pursuant to SDCL § 58-12-3.

## Count 3
*Bad Faith*

69. Hillcrest restates the preceding paragraphs of this Complaint as though fully set forth herein.

70. Because the Policies constituted a contract of insurance between Defendants and Hillcrest, there existed an implied covenant of good faith and fair dealing between them.

71. The allegations made against Hillcrest by the Claimants occurred during the Policies' periods, Hillcrest provided timely notice of the State Court Complaints, the EEOC filings, and the Federal Complaints giving rise to coverage under the Policies, and demanded Defendants provide Hillcrest with a defense for the same.

72. Defendants knew there was a lack of a reasonable basis for denying Hillcrest with a defense or else acted in reckless disregard as to whether or not a reasonable basis existed for denying Hillcrest with a defense.

73. Defendants used unfair and deceptive acts and practices in dealing with Hillcrest's claims for coverage through, among other things, their failure to acknowledge and act on Hillcrest's claim for a defense, their failure to adhere to reasonable standards regarding the handling of claims, and their failure to reasonably investigate the claims.

74. Defendants are intentionally and/or recklessly utilizing a claims handling process designed to maximize their profits at their insureds' expense, including but not limited to,

4:23-cv-
Plaintiff's Complaint and Demand for Jury Trial

denying their insured with a defense when at least one allegation in the complaint falls within the coverage provided by the clear terms of the Policies.

75. Defendants are intentionally and/or recklessly utilizing a claims handling process designed to deny the full benefits owed to Hillcrest under the terms of the Policies.

76. Defendants are construing the Claimants' allegations in a manner that negates Defendants' duty to defend and provide insurance coverage for which Hillcrest paid premiums.

77. Defendants' pattern and practice of refusing to provide a defense and honor the plain terms of their insurance contracts caused substantial damages to Hillcrest, including, but not limited to attorneys' fees, in amounts to be proven at trial.

78. Defendants' refusal to provide Hillcrest with a defense and honor the plain terms of their insurance contracts caused substantial damages to Hillcrest including but not limited to, attorneys' fees, expenses, reputational damage, and additional damages, in amounts to be proven at trial.

## Count 4
### *Punitive Damages*

79. Hillcrest restates the preceding paragraphs of this Complaint as though fully set forth herein.

80. Defendants' refusal to provide Hillcrest with coverage and honor the plain terms of their insurance contracts was willful, wanton and with reckless disregard, entitling Hillcrest to an award of punitive damages.

## Requested Relief

Hillcrest requests the following relief:

4:23-cv-
Plaintiff's Complaint and Demand for Jury Trial

1. That this Court construe the CGL Policy and Umbrella Policy issued by Defendants and conclude that Defendants owe Hillcrest a duty to defend against the Claimants' allegations in the State Court Complaints, the EEOC filings, and the Federal Complaints.

2. Award Hillcrest compensatory, general, and special damages in an amount that the jury deems just and proper under the circumstances.

3. Award pre-judgment and post-judgment interest.

4. Award attorneys' fees under SDCL § 58-12-13 and other costs as allowed by law.

5. Award punitive damages as allowed by law.

6. Enter judgment in Hillcrest's favor and grant such other further relief as the Court deems appropriate.

## Demand for Jury Trial

Hillcrest respectfully demands a trial by jury on all issues so triable.

Dated: June 5, 2023.

FULLER, WILLIAMSON, NELSEN
& PREHEIM, LLP

_____
Hilary L. Williamson
Derek A. Nelsen
7521 South Louise Avenue
Sioux Falls, SD 57108
(605) 333-0003
hwilliamson@fullerandwilliamson.com
dnelsen@fullerandwilliamson.com
*Attorneys for Plaintiff*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hillcrest Golf & Country Club

### DEFENDANTS
Depositors Insurance Company and Nationwide Mutual Insurance Company

**(b)** County of Residence of First Listed Plaintiff  **Yankton County, SD**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **State of Iowa**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fuller, Williamson, Nelsen & Preheim, LLP, 7521 South Louise Avenue, Sioux Falls, SD 57108, (605) 333-0003

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
|  |  | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application |  |  |
|  | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 550 Civil Rights |  |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. 1332 - Diversity

Brief description of cause:
Plaintiff alleges that Defendants improperly denied insurance coverage and have alleged: declaratory judgment; breach of contract and bad faith.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  6-5-23

SIGNATURE OF ATTORNEY OF RECORD  */s/ Eric Nelsen*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____