UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HILLCREST GOLF & COUNTRY CLUB,<br><br>Plaintiff,<br><br>v.<br><br>DEPOSITORS INSURANCE COMPANY and NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendants. | 4:23-cv-4091-LLP<br><br><br>PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Hillcrest Golf & Country Club, through its counsel, for its Amended Complaint and Demand for Jury Trial against Defendants Depositors Insurance Company and Nationwide Mutual Insurance Company, states:

**Parties**

1. Plaintiff Hillcrest Golf & Country Club ("Hillcrest") is a South Dakota corporation with its principal place of business in Yankton, South Dakota.

2. Upon information and belief, Defendant Depositors Insurance Company ("Depositors") is an insurance company domiciled in the State of Iowa, and is authorized to do business in the State of South Dakota.

3. Upon information and belief, Defendant Nationwide Mutual Insurance Company ("Nationwide"), is an insurance company domiciled in the State of Ohio, and is authorized to do business in the State of South Dakota.

**Jurisdiction and Venue**

4. This Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

5. The damages at issue exceed $75,000.

6. This Court is the proper venue under 28 U.S.C. § 1391(b)(2).

## The Insurance Policies

7. Hillcrest purchased liability insurance policies from Depositors and Nationwide (collectively "Defendants").

8. Policy No. ACP GLDO 7281457953, provides Hillcrest with Commercial General Liability Coverage ("the CGL Policy").

9. The CGL Policy provides that Defendants "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."

10. Policy No. ACP CAA 7281457953, provides Hillcrest with Umbrella Liability Insurance and Excess Follow Form Liability Insurance ("the Umbrella Policy").

11. Coverage B under the Umbrella Policy provides that Defendants "will pay on behalf of 'the insured' damages the 'insured' becomes legally obligated to pay by reason of liability imposed by law because of 'bodily injury,' 'property damage,' or 'personal and advertising injury' covered by this insurance which takes place during the Policy Period and is caused by an 'occurrence.'"

12. Coverage B under the Umbrella Policy also provides that Defendants have "the right and the duty to assume control of the investigation, settlement or defense of any claim or 'suit' against the 'insured' for damages covered by this policy. . . when damages are sought for 'bodily

injury,' 'property damage,' or 'personal and advertising injury' to which no 'underlying insurance' or 'other insurance' applies."

13. The CGL Policy and the Umbrella Policy define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

14. The CGL Policy and the Umbrella Policy define "personal and advertising injury" as "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses[.]" This list of offenses includes: "[f]alse arrest, detention or imprisonment;" "[m]alicious prosecution;" and "[o]ral or written publication, in any manner, of material that violates a person's right of privacy."

15. Hillcrest also purchased a Workers Compensation and Employers Liability Insurance Policy from Nationwide.

16. Policy No. ACP WC 7281457953, provides Hillcrest with Employers Liability Insurance ("the Employers Liability Policy").

17. The Employers Liability Policy provides, in part, that this "insurance applies to bodily injury by accident" that "must arise out of and in the course of the injured employee's employment by you."

18. The Employers Liability Policy also provides that the "damages [Nationwide] will pay, where recovery is permitted by law, include damages . . . [b]ecause of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer."

19. The CGL Policy, the Umbrella Policy, and the Employers Liability Policy (collectively "the Policies") were in effect from January 1, 2022, to January 1, 2023, and the Policies remained in effect at all relevant times.

### Allegations against Hillcrest Triggering Coverage under the Policies

20. On or about June 17, 2022, Hillcrest received correspondence from the Turbak Law Office, P.C. ("the Turbak Demand Letter") that Hannah Molitor, Asiah Jackson, and Aliyah Jackson (collectively "the Claimants") intended to file suit against Hillcrest and additional defendants, including Hillcrest members Jeffrey Dayhuff and Paul Eichfeld.

21. The Turbak Demand Letter also included a draft of the Claimants' Complaint ("the State Court Complaint"). A true and correct copy of the State Court Complaint provided with the Turbak Demand Letter is attached as **Exhibit 1**.

22. The State Court Complaint included counts for negligence, negligent infliction of emotional distress, invasion of privacy, false imprisonment, and other additional causes of action arising out of events that allegedly occurred on April 21, 2022, and May 13, 2022.

23. The Claimants sent an Amended Complaint to Hillcrest on August 26, 2022, adding a count of negligence for failing to control or supervise its members, including Jeffrey Dayhuff and Paul Eichfeld. A true and correct copy of the Amended State Court Complaint is attached as **Exhibit 2**.

24. The State Court Complaint and the Amended State Court Complaint (collectively "the State Court Complaints") were premised on allegations that the Claimants previously worked for Hillcrest.

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

25. The State Court Complaints for Aliyah Jackson were premised on allegations that she claimed took place on May 13, 2022.

26. In 2022, including on May 13, 2022, Claimant Aliyah Jackson was a 1099 employee.

27. In 2022, including on May 13, 2022, Claimant Aliyah Jackson was a 1099 employee because she was a temporary worker.

28. On May 13, 2022, Claimant Aliyah Jackson had been hired as a seasonal or short-term employee.

29. On or about July 1, 2022, Hillcrest tendered the defense of the Claimants' State Court Complaint to Defendants.

30. On August 4, 2022, Defendants issued a declination of coverage letter to Hillcrest.

31. On or about August 29, 2022, Hillcrest tendered the defense of the Amended State Court Complaint to Defendants.

32. In the correspondence accompanying the Amended State Court Complaint, Hillcrest repeatedly requested that Defendants reconsider their denial of coverage and provide Hillcrest with counsel given that the parties intended to engage in mediation in an attempt to resolve the matter before a public lawsuit was filed.

33. Despite Hillcrest's requests, Defendants, via counsel, issued a second declination of coverage letter on October 6, 2022.

34. Defendants refused to participate in a global mediation held on October 12, 2022, where all parties and their counsel attended in an effort to reach a resolution short of formal litigation.

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

35. In November 2022, Hillcrest received notice that the Claimants had filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the South Dakota Division of Human Rights ("the EEOC filings").

36. Hillcrest provided Defendants with the Claimants' Charges of Discrimination and demanded that Defendants provide a defense.

37. Defendants provided Hillcrest with a third declination of coverage letter on January 23, 2023.

38. On January 27, 2023, EEOC issued Notices of Right to Sue letter to the three Claimants.

39. On April 21, 2023, the Claimants each filed separate Complaints against Hillcrest in the Southern Division of the South Dakota United States District Court (collectively "the Federal Complaints"). True and correct copies of the Federal Complaints are attached as **Exhibit 3**.

40. The Federal Complaints, which mirrored the previously disclosed State Court Complaints, included counts for negligent infliction of emotional distress, invasion of privacy, false imprisonment, negligence, and other additional causes of action, arising out of events that allegedly occurred on April 21, 2022, and May 13, 2022.

41. The negligence count in all three Federal Complaints alleges that Hillcrest failed to properly supervise its members, including Jeffrey Dayhuff and Paul Eichfeld.

42. The language of the negligence counts in all three Federal Complaints is nearly identical. The differing language is included in brackets. The Federal Complaints each state:

> "Defendant Hillcrest failed to exercise due care in providing a safe environment premises and otherwise failed to control and prevent members, including [Jeffrey Dayhuff/Paul Eichfeld] from being on premises when he was known to be dangerous or otherwise sexually inappropriate with employees."

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

43. The Federal Complaints also include allegations about Hillcrest employee Adessa Chester, stating:

> "Chester pressured female servers, including Plaintiff, to consume alcohol while the servers were on duty working, regardless of whether the servers were of a legal age to consume alcohol, regardless of whether the servers wished to consume alcohol."

> "Chester instructed female servers, including the Plaintiff, to wear lacey bras and panties instead of sports bras when the servers were on duty at Hillcrest, especially on 'men's night.'"

> "Chester assisted members or invited guests of Hillcrest to engage in unwanted sexual propositions and unwanted sexual contact with female servers, including the Plaintiff."

> "Chester compelled female servers to participate in unwanted sexual conduct with members or invited guests of Hillcrest and with Chester herself."

44. The Federal Complaints allege that Hillcrest had knowledge about its members' behavior, stating:

> "Hillcrest had actual or constructive knowledge of the various acts and omissions described in this Complaint as various members of the management either participated in direct misconduct or otherwise witnessed misconduct."

> "Hillcrest was aware that [Dayhuff/Eichfeld] would periodically act inappropriately toward Hillcrest employees."

> "The knowledge of Hillcrest's management staff and board of directors is imputed onto Hillcrest itself as a legal entity."

45. In regard to Jeffrey Dayhuff, the Jacksons' Complaints allege:

> "Jeffrey Dayhuff repeatedly engaged in unwanted sexual contact with [Asiah/Aliyah] Jackson as she performed her work duties."

46. The negligence counts in the Federal Complaints incorporate the previous paragraphs of the Federal Complaints and allege:

> "Defendant Hillcrest had a duty to provide a safe environment and premises for all people who happened upon its property, in particular for its employees."

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

> "Defendant Hillcrest failed to exercise due care in providing a safe environment premises and otherwise failed to control and prevent members, including [Dayhuff/Eichfeld] from being on premises when he was known to be dangerous or otherwise sexually inappropriate with employees."

> "This breach of duty predictably caused Plaintiff significant damages in an amount to be determined at trial."

47. Jeffrey Dayhuff is not an employee of Hillcrest.

48. Jeffrey Dayhuff is not a manager at Hillcrest.

49. Jeffrey Dayhuff cannot hire or terminate employees at Hillcrest.

50. Jeffrey Dayhuff cannot set employment or employee policies at Hillcrest.

51. Paul Eichfeld is not an employee of Hillcrest.

52. Paul Eichfeld is not a manager at Hillcrest.

53. Paul Eichfeld cannot hire or terminate employees at Hillcrest.

54. Paul Eichfeld cannot set employment or employee policies at Hillcrest.

55. The false imprisonment counts in the Federal Complaints allege that Adessa Chester ("Chester") falsely imprisoned the Claimants in Chester's office.

56. Hillcrest did not cause or direct the Claimants' alleged false imprisonment in Chester's office.

57. Hillcrest had no knowledge about the Claimants' alleged false imprisonment until after it had allegedly occurred.

58. Hillcrest provided the Federal Complaints to Defendants on April 25, 2023, and demanded that Defendants provide a defense.

59. On May 11, 2023, Defendants issued another declination of coverage letter.

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

60. At this time, Defendants have refused to defend Hillcrest on the Federal Complaints.

61. Hillcrest has been forced to retain counsel at its own expense to defend against the Claimants' allegations.

62. Hillcrest has incurred damages related to the Claimants' allegations, including cost of defense, general damages, and other out-of-pocket costs related to its defense since receiving notice of the claims on June 17, 2022.

63. Defendants have a duty to defend Hillcrest if at least arguably it appears from the face of the Claimants' pleadings that their alleged claims, if true, fall within policy coverage.

64. Defendants have a duty to defend Hillcrest even if some of the Claimants' claims are not covered under the Policies.

65. Defendants' duty to defend is based on the allegations in the Claimants' various pleadings and not extraneous facts.

66. Defendants' duty to defend arises even if extraneous facts indicate that the Claimants' various pleadings are false, groundless, or even fraudulent.

### Count 1
*Declaratory Judgment*

67. Hillcrest restates the preceding paragraphs of this Complaint as though fully set forth herein.

68. Under the terms of the Policies, Defendants have a duty to defend Hillcrest from the allegations raised in the Federal Complaints.

69. Under the terms of the Policies, Defendants had a duty to defend Hillcrest from the allegations raised in the State Court Complaints.

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

70. Under the terms of the Policies, Defendants had a duty to defend Hillcrest from the allegations raised in the EEOC filings.

**<u>Count 2</u>**
*Breach of Contract*

71. Hillcrest restates the preceding paragraphs of this Complaint as though fully set forth herein.

72. Hillcrest and Defendants entered into contracts whereby Hillcrest paid premiums to Defendants in exchange for a promise to defend and indemnify Hillcrest for a covered loss.

73. Defendants have breached the contracts of insurance with Hillcrest by failing to defend Hillcrest from the allegations raised in the Federal Complaints, the State Court Complaints, and the EEOC filings.

74. Defendants have breached the contracts of insurance with Hillcrest by failing to investigate the allegations raised in the Federal Complaints, the State Court Complaints, and the EEOC filings.

75. Because of the Defendants' breach of their duties under the Policies, Hillcrest has suffered damages including, but not limited to, the cost of defense, general and other damages, reputational damage, and other out-of-pocket costs related to its defense since receiving notice of the claims on June 17, 2022, in amounts to be proven at trial.

76. Defendants' refusal to defend Hillcrest was vexatious and without reasonable cause and Hillcrest is entitled to its attorneys' fees pursuant to SDCL § 58-12-3.

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

## <u>Count 3</u>
### *Bad Faith*

77. Hillcrest restates the preceding paragraphs of this Complaint as though fully set forth herein.

78. Because the Policies constituted a contract of insurance between Defendants and Hillcrest, there existed an implied covenant of good faith and fair dealing between them.

79. The allegations made against Hillcrest by the Claimants occurred during the Policies' periods, Hillcrest provided timely notice of the State Court Complaints, the EEOC filings, and the Federal Complaints giving rise to coverage under the Policies, and demanded Defendants provide Hillcrest with a defense for the same.

80. Defendants knew there was a lack of a reasonable basis for denying Hillcrest with a defense or else acted in reckless disregard as to whether or not a reasonable basis existed for denying Hillcrest with a defense.

81. Defendants used unfair and deceptive acts and practices in dealing with Hillcrest's claims for coverage through, among other things, their failure to acknowledge and act on Hillcrest's claim for a defense, their failure to adhere to reasonable standards regarding the handling of claims, and their failure to reasonably investigate the claims.

82. Defendants are intentionally and/or recklessly utilizing a claims handling process designed to maximize their profits at their insureds' expense, including but not limited to, denying their insured with a defense when at least one allegation in the complaint falls within the coverage provided by the clear terms of the Policies.

83. Defendants are intentionally and/or recklessly utilizing a claims handling process designed to deny the full benefits owed to Hillcrest under the terms of the Policies.

84. Defendants are construing the Claimants' allegations in a manner that negates Defendants' duty to defend and provide insurance coverage for which Hillcrest paid premiums.

85. Defendants' pattern and practice of refusing to provide a defense and honor the plain terms of their insurance contracts caused substantial damages to Hillcrest, including, but not limited to attorneys' fees, in amounts to be proven at trial.

86. Defendants' refusal to provide Hillcrest with a defense and honor the plain terms of their insurance contracts caused substantial damages to Hillcrest including but not limited to, attorneys' fees, expenses, reputational damage, and additional damages, in amounts to be proven at trial.

## Count 4
### *Punitive Damages*

87. Hillcrest restates the preceding paragraphs of this Complaint as though fully set forth herein.

88. Defendants' refusal to provide Hillcrest with coverage and honor the plain terms of their insurance contracts was willful, wanton and with reckless disregard, entitling Hillcrest to an award of punitive damages.

### Requested Relief

Hillcrest requests the following relief:

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

1. That this Court construe the Policies issued by Defendants and conclude that Defendants owe Hillcrest a duty to defend against the Claimants' allegations in the State Court Complaints, the EEOC filings, and the Federal Complaints.

2. Award Hillcrest compensatory, general, and special damages in an amount that the jury deems just and proper under the circumstances.

3. Award pre-judgment and post-judgment interest.

4. Award attorneys' fees under SDCL § 58-12-13 and other costs as allowed by law.

5. Award punitive damages as allowed by law.

6. Enter judgment in Hillcrest's favor and grant such other further relief as the Court deems appropriate.

## Demand for Jury Trial

Hillcrest respectfully demands a trial by jury on all issues so triable.

Dated: March 5, 2024.

        FULLER, WILLIAMSON, NELSEN
        & PREHEIM, LLP

        /s/ Derek A. Nelsen
        Hilary L. Williamson
        Derek A. Nelsen
        Andrew T. Fick
        7521 South Louise Avenue
        Sioux Falls, SD 57108
        (605) 333-0003
        hwilliamson@fullerandwilliamson.com
        dnelsen@fullerandwilliamson.com
        afick@fullerandwilliamson.com
        *Attorneys for Plaintiff*

4:23-cv-04091-LLP
Plaintiff's Amended Complaint and Demand for Jury Trial

## Certificate of Service

 I certify that on March 5, 2024, I e-filed and served via CM/ECF Filer (PACER), a true and correct copy of Plaintiff's Amended Complaint and Demand for Jury Trial, on:

 Daniel R. Fritz (fritzd@ballardspahr.com)
 BALLARD SPAHR LLP
  *Attorney for Defendants*

 W. Clark Richardson (wrichardson@shb.com)
 SHOOK HARDY & BACON, LLP
  *Attorney for Defendants*

       /s/ Derek A. Nelsen
       One of the Attorneys for Plaintiff